West Boyls-
ton Man. Co.
*v.*
Searle.

---

## COMMONWEALTH *versus* ENOCH HOWES *et al.*

Where an act not before subject to punishment, is declared penal, or is subjected to any *specific penalty or forfeiture*, by a *statute*, and a mode is pointed out in which it shall be prosecuted, that mode alone can be pursued.

Thus, the *St.* 1817, *c.* 191, § 2, provides, that all sums of money drawn or received, by virtue of tickets in lotteries established by any authority other than that of this commonwealth, shall be forfeited, and may be recovered to the use of the commonwealth, *by indictment,* in any court of competent jurisdiction. It was *held,* that, as the drawing or receiving such sums of money, if made an offence by this statute, (which is doubtful,) was a new offence, the forfeiture could be recovered *only by indictment.*

THIS was an information founded upon *St.* 1817, *c.* 191, § 2, to recover certain prize money alleged to have been received, in May 1832, to the use of the commonwealth. The statute provides, that all sums of money drawn or received by virtue of tickets in lotteries established by any authority other than that of this commonwealth, shall be forfeited, and may be recovered to the use of the commonwealth by indictment, in any court of competent jurisdiction.

Howes was defaulted. Lawrence, the other defendant,

Common-
wealth
*v.*
Howes.

pleaded not guilty, but in the course of the tria, before *Shaw*
C. J., was also defaulted, subject to the opinion of the Court
upon a motion in arrest of judgment for the following among
other reasons :

Because the statute creating the penalty which is sought to
be recovered by this information, provides, that the recovery
of the penalty shall be by indictment, and no statute provides,
that the same may be recovered by information. And where
an offence is created by a statute, which provides a mode for
recovering the penalty, no process for recovering the penalty
is permitted, other than that provided in the statute.

*March* 19*th.*     *Peabody,* for the defendants, cited *St.* 1 *Hen.* 8, *c.* 6 ; *St.*
16 *Car.* 1, *c.* 10 ; *Prynn's case,* 5 Mod. 459 ; *Rex* v. *Abra-
ham,* Comberb. 141 ; *King* v. *Berchet,* 1 Show. 106 ; *Eng.
St.* 4 & 5 *W. & M. c.* 18 ; *Commonwealth* v. *Union F. &
M. Ins. Co.* 5 Mass. R. 230 ; 7 Dane's Abr. 280 *et seq.* ;
*Commonwealth* v. *Athearn,* 3 Mass. R. 285 ; *St.* 1793, *c.* 43 ;
*Rex* v. *Robinson,* 2 Burr. 803 ; *Rex* v. *Boyall,* 2 Burr. 832 ;
Bac. Abr. *Information, A* ; 2 Hawk. P. C. *c.* 26, § 2.

*Austin,* (attorney-general,) for the commonwealth, cited
*Commonwealth* v. *Waterborough,* 5 Mass. R. 259 ; Com. Dig.
*Information, A* 1, B ; *Rex* v. *Phillips,* 3 Burr. 1564 ; *Rex* v
*Phillips,* 4 Burr. 2089 ; Bac. Abr. *Information ; Common
wealth* v. *Fowler,* 10 Mass. R. 290 ; *St.* 1793, *c.* 43 ; *St*
1822, *c.* 90 ; *St.* 1833, *c.* 148, § 5.

*March* 24*th.*     SHAW C. J. delivered the opinion of the Court. This is
an information founded upon *St.* 1817, *c.* 191, § 2, which
provides, that all sums of money drawn by any citizen of the
commonwealth, in any unauthorized lottery, and received,
shall be forfeited and may be recovered to the use of the com-
monwealth, by indictment in any court of competent jurisdic
tion. There are several other statutes on the subject of lotte-
ries, intended to restrain and prohibit unauthorized lotteries,
but the one cited is the only one which declares this particular
forfeiture, or directs the mode of prosecution by which it shall
be recovered.[*]

---

[*] But see *St.* 1833, *c.* 148, § 5, passed after the offence in question was
committed; also Revised Stat. *c.* 132, § 8.

It might perhaps admit of doubt, upon a critical construction of the statute, whether or not, the drawing and receiving of prize money in an unauthorized lottery, is intended to be made a crime or offence. The forfeiture seems rather to be a cumulative remedy, superadded to other specific penalties, and intended to take away all motive to the purchase of lottery tickets, by depriving the holders of the fruits of them. To accomplish this, the statute declares, that the money shall be forfeited to the use of the commonwealth, and may be recovered by indictment. The whole act is prohibitory and penal, and the forfeiture thus declared is in the nature of punishment. As to the mode of prosecution, we take the rule to be well settled, that where a new offence is created by statute, or in other words, where an act not before subject to punishment is declared penal, or subject to any specific penalty or forfeiture, and a mode pointed out by which it shall be prosecuted, that mode alone can be pursued. *Rex* v. *Robinson*, 2 Burr. 799 ; *Rex* v. *Boyall*, 2 Burr. 832. Where an act is already made penal and punishable by indictment, and a further mode of prosecution is given by statute, it is held to be cumulative and does not by implication take away the existing remedy. So, when an act is made an offence by statute, which was not so before, and no remedy or mode of prosecution directed, it may be prosecuted by any common law remedy adapted to the case.

The Court are of opinion, that the case before us falls under the rule first above stated. If the drawing and receiving prize money in an unauthorized lottery, is, by this statute, made an offence, which is doubtful, it is a new offence, not before punishable, a particular forfeiture is declared, and a mode of recovering it, prescribed, and to that, we think, the commonwealth must resort as the only remedy.

*Judgment arrested*